UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-81048

CIV-PAINE

MAGISTRATE JUDGE
JOHNSON

VALDECI DE SOUZA, on his own
behalf and others similarly situated,

    Plaintiff,

v.

MIRACLE CAR WASH, LLC, a Florida Limited Liability Company,
1400 MANAGEMENT COMPANY, a Florida Corporation,
LAI MAX, INC., a Florida Corporation, and
MICHAEL PUDER, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, VALDECI DE SOUZA, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, MIRACLE CAR WASH, LLC, a Florida Limited Liability Company, 1400 MANAGEMENT COMPANY, a Florida Corporation, LAI MAX, INC., a Florida Corporation, and MICHAEL PUDER, individually (hereinafter collectively referred to as "Defendants"), and brings this action on behalf of himself and other employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed work as a car washer/laborer and related activities for Defendants in Palm Beach County, Florida.

2. Defendants, MIRACLE CAR WASH, LLC, a Florida Limited Liability Company, 1400 MANAGEMENT COMPANY, a Florida Corporation, LAI MAX, INC., a Florida Corporation, have at all times material to this Complaint, individually and/or collectively, owned and operated a car wash business in Palm Beach County, Florida doing business as MIRACLE CAR WASH,



within the jurisdiction of this Court.

3. At all times material hereto, MICHAEL PUDER was and is an individual resident of the State of Florida who owned and/or operated MIRACLE CAR WASH, LLC and LAI MAX, INC. d/b/a MIRACLE CAR WASH and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of MIRACLE CAR WASH, LLC and LAI MAX, INC. d/b/a MIRACLE CAR WASH. By virtue of such control and authority, MICHAEL PUDER was an employer of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

4. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b) (the Act).

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants, MIRACLE CAR WASH, LLC, 1400 MANAGEMENT COMPANY, and LAI MAX, INC., all doing business as MIRACLE CAR WASH: (a) have, separately, been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s); and/or (b) have constituted one enterprise under the Act because Defendants' business activities are performed through unified operations or common control and exist for a common business purpose. Based upon information and belief, the annual gross sales volume of Defendants, MIRACLE CAR WASH, LLC, 1400 MANAGEMENT COMPANY, and LAI MAX, INC., all doing business as MIRACLE CAR WASH, individually and/or collectively, has/have been in excess of $500,000.00 per annum. Additionally, Plaintiff were individually engaged in commerce.

2

6. At all times material to this Complaint, Defendants, MIRACLE CAR WASH, LLC, 1400 MANAGEMENT COMPANY, and LAI MAX, INC., all doing business as MIRACLE CAR WASH, shared the services of employees and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations.. Accordingly, the relationship by and between Defendants, MIRACLE CAR WASH, LLC, 1400 MANAGEMENT COMPANY, and LAI MAX, INC., all doing business as MIRACLE CAR WASH, was that of employers and/or joint-employers of Plaintiff within the meaning of Title 29 U.S.C. §203(d).

7. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who worked in excess of Forty (40) hours during one or more work weeks on or after November 2002 and who did not receive time-and-a-half wages for all of their overtime hours worked.

8. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay for those hours worked in excess of Forty (40) within a work week.

9. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their real regular rate of pay for all hours worked in excess of Forty (40) hours per work week during one or more work weeks. Plaintiff and other similarly situated employees regularly worked in excess of Forty (40) hours in a work week.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees should

be in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 10 above.

12. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

13. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

14. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

15. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, VALDECI DE SOUZA, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, MIRACLE CAR WASH, LLC, 1400 MANAGEMENT COMPANY, and LAI MAX, INC., all doing business as MIRACLE CAR WASH, and MICHAEL PUDER, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

DATED this 11 day of November, 2005.

            SHAVITZ LAW GROUP, P.A.
            7800 Congress Avenue, Suite 108
            Boca Raton, FL 33487
            Tel: 561-447-8888
            Fax: 561-447-8831
            E-mail: kstern@shavitzlaw.com

            _____
            KEITH M. STERN
            Fl. Bar No.: 321000

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Valdeci de Souza, on his own behalf and others similarly situated,

**DEFENDANTS**
Miracle Car Wash, LLC, 1400 Management Company, Laimax, Inc., Michael Puder, individually

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE JOHNSON

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 561-447-8888
Shavitz Law Group
7800 Congress Ave, Suite 108
Boca Raton FL 33487

CIV-PAINE

**ATTORNEYS** (IF KNOWN)
05-81048

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, (PALM BEACH,) MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:05 CV 81048

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY) Paine–Johnson

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | A LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☒ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | B SOCIAL SECURITY | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | FEDERAL TAX SUITS | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | A OR B |
| | | B☐ 555 Prison Condition | | A☐ 871 IRS — Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. - 216(b) - Action for Unpaid Overtime Wages

**LENGTH OF TRIAL**
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 11/11/05

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**
RECEIPT # 535680   AMOUNT 250   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____